CATHERINE FISHER, Plaintiff-Appellant, v. SISTERS OF THE THIRD ORDER OF ST. FRANCIS, Defendant and Third-Party Plaintiff-Appellee—(RICHARD H. REMELIUS, Third-Party Defendant.)

(No. 73-166;

Third District—December 28, 1973.

Michael Heller, of Peoria (Dorothea O'Dean, of counsel), for appellant.

Lyle E. Allen, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This action was commenced in the Circuit Court of Peoria County by Plaintiff-Appellant, Catherine Fisher, against Defendant-Appellee, Sisters of the Third Order of St. Francis, to recover damages sustained when she fell on a public sidewalk approaching the main entrance to defendant

hospital. The jury returned a verdict for defendant upon which the court entered judgment and it is from this judgment plaintiff appeals. The complaint alleged negligence in two counts; one, plaintiff fell and was injured as a result of defendant's negligence, and two, defendant's employees and agents negligently and improperly administered treatment causing injury. No question has been raised by plaintiff concerning the propriety of the trial court's judgment on the second count.

According to the plaintiff, she received a call from St. Francis Hospital at 4:45 A.M. on December 4, 1970 advising her that her father, who was a patient in the hospital's intensive care unit, had taken a turn for the worse. Accompanied by a friend, Donald Miller, she drove to the hospital and instead of parking in the main parking lot, she parked the car in a little driveway off of a side street where three other cars were parked. Being close to the entrance to the children's hospital, they entered and were told they could not get to intensive care from that building. They descended the stairs to the street level and after walking about twenty feet on the public sidewalk in the direction of the main entrance, Miller tripped over a chain and fell. Then plaintiff also fell but said she did not know what caused her to fall. It was dark and windy and plaintiff could not remember if the street lights were on and said the hospital lights which were on were dimmed. A contractor testified he had replaced the sidewalk where plaintiff fell and had placed barricades and flare pots around the replaced sidewalk. Plaintiff testified she had not seen the barricades or the flare pots. The hospital security guard on duty the evening of this incident testified there were lights near the entrance of the children's hospital and near the main entrance which were on at the time of the incident and there was no way they could be dimmed. Several times during the night prior to plaintiff's arrival at the hospital, he had gone outside to relight the flare pots which the wind had blown out. After plaintiff's fall he again went out and noticed the flare pots were not lit.

On this appeal, plaintiff's sole contention is the evidence is insufficient to support the verdict and therefore the court erred in its denial of plaintiff's motion for judgment notwithstanding the verdict.

According to the *Pedrick* rule (*Pedrick v. Peoria and Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504), all of the evidence must be considered in its aspect most favorable to defendant in order to determine whether there are disputed issues of fact requiring jury resolution. From an examination of the record, we find a question of facts exists regarding the adequacy and reasonableness of the lighting. Plaintiff was not sure which lights were on and said that the ones on were dimmed. An employee of the hospital testified that the hospital lights were on and there was no

way to dim those lights. Conflicting inferences can be drawn as to whether plaintiff should have seen the barriers. Also, plaintiff repeatedly testified she did not know what caused her to fall. We believe the question of defendant's negligence and of plaintiff's contributory negligence were questions of fact for the jury. *Maytnier v. Rush*, 80 Ill.App.2d 336, 225 N.E.2d 83, *Sterba v. First Federal Savings and Loan Assn. of Elgin*, 77 Ill.App.2d 380, 222 N.E.2d 547.

Accordingly, the judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

SCOTT, P. J., and DIXON, J., concur.